Opinion issued June 19, 2018



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

## NO. 01-16-00787-CR

————————————

## EX PARTE MATTHEW LEACHMAN

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1522187**

---

## OPINION ON REHEARING

Appellant, Matthew Leachman, appeals from the trial court's denial of his pro

se application for a pretrial writ of habeas corpus, filed under article 11.08 of the

Texas Code of Criminal Procedure.[1] Leachman contends that double jeopardy bars

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015) ("If a person is confined after indictment on a charge of felony, he may apply to the judge of the court in which he is indicted. . . .").

his retrial. Leachman filed an amended motion for rehearing from our May 10, 2018 opinion. We deny the amended motion for rehearing and affirm.[2]

## Background

### A. Procedural History in State Court

In the conviction at issue under trial court cause number 786224, Leachman was charged in 1998 by indictment of aggravated sexual assault of a child.[3] Following a jury trial, in which the trial court had denied Leachman's motion to represent himself, he was convicted and sentenced to 40 years' confinement in 1998. *See Leachman v. Stephens*, No. 4:11-CV-212, 2015 WL 5730378, at *1 (S.D. Tex. Sept. 30, 2015) (mem. and order, not designated for publication) (federal habeas proceeding summarizing procedural history). After this Court affirmed the conviction, the Court of Criminal Appeals granted Leachman's petition for discretionary review, vacated our decision, and remanded for consideration of claims not at issue here. *See Stephens*, 2015 WL 5730378, at *1; *see Leachman v. State*,

---

[2]     Although we deny the amended motion for rehearing without requesting a response, we withdraw our May 10, 2018 opinion and judgment and issue this opinion on rehearing and a new judgment. *See* TEX. R. APP. P. 49.2, 49.3. Our disposition remains unchanged. *See Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 33 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (op. on rehr'g).

[3]     In separate proceedings, Leachman pleaded guilty to three counts of indecency with a child, involving different children than the complainant here, under trial court cause numbers 786223, 786226, and 720366. He was sentenced to 20 years' confinement in each case in 1999, to be served concurrently. He did not appeal those sentences. *See Leachman v. Stephens*, No. 02-13-00357-CV, 2016 WL 6648747, at *2 (Tex. App.—Fort Worth Nov. 10, 2016, pet. denied) (mem. op.) (summarizing Leachman's criminal litigation history).

No. 01-98-01255-CR, 2004 WL 744820 (Tex. App.—Houston [1st Dist.] Apr. 8, 2004) (mem. op. on reh'g, not designated for publication), *vacated*, No. PD-0517-05, 2005 WL 2990698 (Tex. Crim. App. Nov. 9, 2005) (not designated for publication). On remand, this Court again affirmed Leachman's conviction, the Court of Criminal Appeals refused his petition for discretionary review, and the U.S. Supreme Court denied his petition for certiorari. *See Stephens*, 2015 WL 5730378, at 1; *see Leachman v. State*, No. 01-98-01255-CR, 2006 WL 2381441, at *1 (Tex. App.—Houston [1st Dist.] Aug. 17, 2006, pet. ref'd), *cert. denied*, 554 U.S. 932, 128 S. Ct. 2995 (2008).

Leachman filed a state application for a writ of habeas corpus challenging the denial of his motion to represent himself. *See Stephens*, 2015 WL 5730378, at *1. The state habeas court recommended denial, and the Court of Criminal Appeals denied Leachman's first habeas application without a written order. *See Ex parte Leachman*, No. WR-36-445-04 (Tex. Crim. App. Dec. 1, 2010).

**B.    Procedural History in Federal Court**

Leachman then filed a federal habeas corpus petition based on the denial of his Sixth Amendment right to represent himself, which the federal district court denied as procedurally defaulted. *See Stephens*, 2015 WL 5730378, at *1, *4 (citing *Faretta v. California*, 422 U.S. 806, 835–36, 95 S. Ct. 2525 (1975)). The Fifth Circuit affirmed the federal district court's judgment on all issues, except the finding

3

that Leachman could not demonstrate cause and prejudice to excuse the procedural default of his *Faretta* self-representation claim. *See id.*; *see Leachman v. Stephens*, No. 12-20187, 581 Fed. App'x 390, 398 (5th Cir. 2014) (not designated for publication), *cert. denied*, 135 S. Ct. 2315 (2015). On remand, the federal district court conditionally granted Leachman's federal habeas corpus petition on his *Faretta* self-representation claim on September 30, 2015, and ordered his release unless the State moved to grant him a new trial within 90 days. *See Stephens*, 2015 WL 5730378, at *6.

## C.    The State Habeas Corpus Application and Writ Hearing

On November 4, 2015, the State timely moved for a new trial under trial court cause number 786224, which the state judge for the retrial granted on the record. On August 17, 2016, the state court granted the State's motions to transfer its prior filings to new cause numbers, noting that the original indictment under trial court cause number 786224 had been reindicted into two separate trial court cause numbers, 1520246 (anal sodomy) and 1520247 (oral sodomy), after the grand jury had indicted Leachman on two separate counts of aggravated sexual assault of a child.

On August 30, 2016, Leachman filed a pro se pretrial habeas corpus application in the trial court, which was assigned to the underlying trial court cause number 1522187. Leachman asserted that, while the State may seek a new

4

indictment on the same offense, the superseding indictment must mirror the initial charge. *See Ex parte Legrand*, 291 S.W.3d 31, 38–39 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (citing *United States v. Holland*, 956 F.2d 990, 993 (10th Cir. 1992)). He claimed that the State was attempting to turn the single charge into two separate charges, two convictions, and two sentences.

On September 28, 2016, the habeas judge, who did not preside over Leachman's original trial, held a non-evidentiary writ hearing on Leachman's pro se habeas application in which both sides presented argument, but no witnesses. Leachman repeated his argument that the State was trying to take the same offense and split it into multiple offenses, thereby violating the multiple-punishment aspect of the double jeopardy clause. The State responded that it intended to withdraw its motion to consolidate and would proceed to trial only on the first trial court cause number 1520246. The prosecutor stated that he intended to file an amended motion to cumulate sentences, seeking only to stack any sentence on the existing 20-year sentence Leachman was still serving.

At the end of the writ hearing, the habeas court orally denied Leachman's writ. The habeas court noted that if the State's "intent is to proceed on one of the two new indictments, as opposed to both," that "take[s] care[] of any potential issues, so I am going to deny your writ of habeas corpus." Later that day, the habeas court signed a judgment denying Leachman's pretrial habeas corpus application.

5

**D. Proceedings in this Court**

On September 28, 2016, Leachman timely filed a pro se notice of appeal from the habeas court's denial of his pretrial habeas application. *See* TEX. R. APP. P. 26.2(a)(1), 31.1. On October 24, 2016, in compliance with a request from the Clerk of this Court, the trial court certified Leachman's right of appeal of the denial of his pretrial habeas application. *See id.* 25.2(a)(2), (d). In compliance with a second request, the district clerk also filed a second supplemental clerk's record in this Court on October 26, 2016. This record contains the State's amended motion to cumulate sentences, which was filed only in the first charge 1520246, and the docket sheet for the second charge 1520247, showing that no such motion was filed there.

This Court abated this case several times for the habeas court to hold a hearing to determine whether the State intended to dismiss the second charge, as it appeared to have stated at the writ hearing. This Court's February 15, 2018 Order reinstated this case after the district clerk filed a compliant supplemental clerk's record. This record included the habeas court's findings of fact and conclusions of law and order, signed on February 8, 2018, arising from the abatement hearing. The State clarified that it intended to proceed to trial first on the first charge, but did not intend to dismiss the second or other charges, pending the outcome of the first trial. The habeas court found that the State never stated that it had intended to dismiss the second charge at the writ hearing, and that it does not intend to dismiss the second

6

charge now. This Court's Order also requested briefing. *See* TEX. R. APP. P. 31.1. Both Leachman and the State have filed briefs, and Leachman has filed a reply.

Leachman also filed an advisory in this Court, attaching an "Advisory to the Court and Motion to Re-Open Proceedings" that he filed in the federal habeas court. Leachman argued that the federal court should re-open the habeas petition because the state trial court's grant of a new trial was void, asserting that only the Court of Criminal Appeals may do so under art. 11.07. Leachman further claimed that he intended to raise these issues before the Court of Criminal Appeals.[4]

Leachman then filed a motion for judicial notice in this Court on April 20, 2018, contending that this Court must take judicial notice of the federal habeas court order, signed on February 8, 2018, regarding his motion to re-open proceedings. Leachman requests that this Court take judicial notice of the federal court order for his propositions that: (1) the federal district court did not view its earlier, conditional order granting federal habeas relief as voiding the state conviction, and (2) the question of whether the state trial court's new-trial order was void was a matter for the state courts.

---

[4] Leachman made this same jurisdictional claim in a writ of prohibition and a writ of mandamus, which the Court of Criminal Appeals denied without written orders. *See Ex parte Leachman*, WR-36,445-07, WR-36-445-08 (Tex. Crim. App. May 17, 2017). Leachman also tried to raise these same jurisdictional issues at the abatement hearing by filing a supplemental memorandum of law and proposed findings of fact and conclusions of law, but the trial court found that these were beyond the scope of this Court's abatement order.

7

In the February 8, 2018 federal court order, the federal district court held that the State had complied with its earlier order granting habeas relief and ordering Leachman's release unless the State moved to grant him a new trial within 90 days. The federal district court also noted that it lacked jurisdiction over Leachman's retrial, but that Leachman "may move in state court to dismiss the indictment for lack of jurisdiction," and "[i]f he is again convicted, then he may challenge defects in the proceeding through a direct appeal and, if necessary, postconviction proceedings pertaining to that conviction." Thus, the federal district court denied Leachman's motion to re-open the federal proceedings and denied his motion for oral argument as moot.

This Court requested a response to the motion from the State, which was filed on April 30, 2018, and carried the motion with the case. Under Rule of Evidence 202, this Court must take judicial notice of a federal court's order if requested by a party and if this Court is supplied with the necessary information, as Leachman did here by attaching the order. *See* TEX. R. EVID. 202(b)(2). To the extent that Leachman requests that this Court take judicial notice of the existence of this federal court order, this Court grants his motion, but concludes that this order is not relevant for this appeal. *See MCI Sales & Service, Inc. v. Hinton*, 329 S.W.3d 475, 484 n.7 (Tex. 2010); *Oistad v. Baker & Hostetler, L.L.P.*, No. 01-05-00493-CV, 2006 WL 488594, at *6 n.7 (Tex. App.—Houston [1st Dist.] Mar. 2, 2006, no pet.) (mem. op.)

(taking judicial notice of facts of documents filed in other case in this Court, but concluding that such facts are not relevant to resolution of this appeal).[5]

## Discussion

In his first issue, Leachman claims, for the first time in this Court, that his double-jeopardy challenge is ripe for review. In his second issue, also for the first time in this Court, Leachman asserts that the two pending reindictments in the trial court violate the Double Jeopardy Clause because, as a matter of law, his prior conviction in the original charge still exists. Finally, Leachman contends in his third issue, in the alternative, that the two pending reindictments violate the Double Jeopardy Clause because the State may not reprosecute an earlier conviction multiple times.

The State responded that, to the degree that Leachman is complaining about a future trial on the second indictment following his first trial, this double-jeopardy claim is not ripe for review. Regarding Leachman's second issue, the State responds that, because his jurisdictional claims were not part of his habeas application, they are not properly before this Court, but the trial court was bound by the judgment of

---

[5] Leachman also filed a second motion for judicial notice in this Court on May 24, 2018, requesting that we take judicial notice of the State's Original Answer filed on November 14, 2016, in response to Leachman's habeas application. Similarly, but without requesting a response, that motion is granted to take notice of the existence of that Answer as it is a public court pleading, but it is not relevant for this appeal because it was filed under a different trial court cause number 786223-A for a different conviction. *See Oistad*, 2006 WL 488594, at *6 n.7.

the federal court because state courts are bound by federal law under the Supremacy Clause. Finally, as for Leachman's third issue, the State responds that, because Leachman's prior conviction was declared void, at his request, a retrial does not implicate Double Jeopardy protections and, thus, the trial court was correct to deny his habeas petition.

As discussed below, we have jurisdiction only to review the state court's order denying Leachman's habeas application, not the state court's new-trial order which, as the federal district court noted, may be challenged on direct appeal.

## A. Standard of Review

"[T]here is a Fifth Amendment right not to be exposed to double jeopardy, and . . . it must be reviewable before that exposure occurs," which includes on appeal. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982). Consequently, the Court of Criminal Appeals has held that an applicant may use a pretrial writ of habeas corpus to assert his or her constitutional protections regarding double jeopardy. *See Ex parte Wiese*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). Thus, we may review the trial court's denial of Leachman's pretrial habeas application based on double jeopardy.

Generally, an appellate court reviews a trial court's decision to grant or to deny habeas corpus relief for an abuse of discretion. *See Ex parte Montano*, 451 S.W.3d 874, 877 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Sandifer*

10

*v. State*, 233 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). In reviewing the trial court's decision to grant or to deny habeas corpus relief, we view the evidence in the light most favorable to the trial court's ruling. *See id.* (citing *Ex parte Masonheimer*, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007)).

We afford almost total deference to the trial court's determination of historical facts supported by the record, especially when the fact findings are based upon credibility and demeanor. *Ex parte Montano*, 451 S.W.3d at 877 (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); *see also Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). And we afford the same deference to the trial judge's rulings on applications of law to fact questions if resolving those ultimate questions turns on evaluating credibility and demeanor. *Sandifer*, 233 S.W.3d at 2 (citing *Guzman*, 955 S.W.2d at 89). If resolving those ultimate questions turns on applying legal standards, however, we review the determination de novo. *Id.* (citing *Guzman*, 955 S.W.2d at 89). We will uphold the habeas court's judgment if it is correct under any theory of law. *See Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

When there are no written findings explaining the factual basis for the trial court's ruling, we imply findings of fact that support the ruling so long as the evidence supports those implied findings. *Ex parte Montano*, 451 S.W.3d at 877 (citing *Meekins v. State*, 340 S.W.3d 454, 460 (Tex. Crim. App. 2011)). "We

11

similarly defer to any implied findings and conclusions supported by the record." *Ex parte Aguilera*, 540 S.W.3d 239, 246 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (internal quotation marks and citation omitted). However, we review de novo mixed questions of law and fact that do not depend on credibility and demeanor. *See id.* Although the habeas court issued findings of fact and conclusions of law regarding whether the State intended to dismiss the second charge, under trial court cause number 1520247, that court did not issue any findings or conclusions with its judgment denying habeas relief. *See Guzman*, 955 S.W.2d at 89.

## B. Applicable Double Jeopardy Law

The United States and Texas Constitutions both prohibit a defendant from twice being put in jeopardy for the same offense. U.S. CONST. amend. V; TEX. CONST. art. I, § 14. Jeopardy attaches when a jury is impanelled and sworn. *Ex parte Montano*, 451 S.W.3d at 878 (citing *Ex parte Little*, 887 S.W.2d 62, 64 (Tex. Crim. App. 1994)). Once jeopardy attaches, the defendant possesses the right to have his guilt or innocence determined by the first trier of fact. *Id.* (citing *Torres v. State*, 614 S.W.2d 436, 441 (Tex. Crim. App. 1981)). As a general rule, if, after jeopardy attaches, the jury is discharged without having reached a verdict, double jeopardy will bar retrial. *Id.* (citing *Brown v. State*, 907 S.W.2d 835, 839 (Tex. Crim. App. 1995)).

The double jeopardy prohibition protects against (1) a second prosecution "for

the 'same offense'" after acquittal; (2) a second prosecution "for the 'same offense'" after conviction; and (3) "multiple punishments for the 'same offense.'" *Hisey v. State*, 207 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Ex parte Kopecky*, 821 S.W.2d 957, 958 (Tex. Crim. App. 1992) (citations omitted)). But "double jeopardy does not attach when a case is reversed because of trial error." *Id.* at 385 (citations omitted). "A retrial is barred on jeopardy grounds only if there is insufficient evidence to support the conviction." *Id.* (citations omitted). Leachman does not claim that the first ground applies here. The relief he primarily seeks is under the third ground, multiple punishments,[6] but in his amended rehearing motion, he states that he also seeks relief under the second ground, multiple prosecutions.

"In the multiple-punishment and multiple-prosecution contexts, the double jeopardy bar applies if the two offenses for which the defendant is punished or tried cannot survive the 'same elements' or '*Blockburger I*' test." *Williams v. State*, No. 14-08-01079-CR, 2010 WL 3307456, at *2 (Tex. App.—Houston [14th Dist.] Aug. 24, 2010, pet. ref'd) (mem. op., not designated for publication) (citing *Blockburger*

---

[6]   "A multiple-punishments double-jeopardy violation may arise either in the context of lesser-included offenses (when the same conduct is punished under both a greater and a lesser-included statutory offense) or when the same criminal act is punished under two distinct statutory provisions, but the legislature intended only one punishment." *Aekins v. State*, 447 S.W.3d 270, 274 (Tex. Crim. App. 2014).

13

*v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180 (1932), and *Watson v. State*, 900 S.W.2d 60, 61–62 (Tex. Crim. App. 1995)). "The same elements" test inquires whether each offense contains an element not contained in the other. *Watson*, 900 S.W.2d at 61. If the second offense contains an element not found in the first offense, then double jeopardy protections are not violated. *See id.* Consequently, both the Court of Criminal Appeals and this Court have rejected multiple-prosecution and multiple-punishment double-jeopardy claims involving two different counts of the same aggravated sexual assault of a child statute involved here. *See Vick v. State*, 991 S.W.2d 830, 832–33 (Tex. Crim. App. 1999); *Cochran v. State*, 874 S.W.2d 769, 770, 772–73 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Because the two counts alleged violations of separate and distinct statutory aggravated sexual assault offenses and involved separate and distinct acts, the inquiry for double jeopardy ends. *See Vick*, 991 S.W.2d at 833.

## C. Analysis

We consider Leachman's first and second issues together because they both involve jurisdiction. Essentially, Leachman argues that, because he believes that the state trial court was without jurisdiction to grant him a new trial, and that only the Court of Criminal Appeals may do so under Article 11.07 for final felony convictions, the denial of his double-jeopardy habeas application is ripe for review now. While we agree that the denial of Leachman's double-jeopardy habeas

14

application is reviewable on appeal, we disagree that we have jurisdiction to review the trial court's new-trial order here.

First, we have appellate jurisdiction only to review the state court's order denying Leachman's pretrial habeas application under the underlying trial court cause number 1522187. *See Ex parte Robinson*, 641 S.W.2d at 555. As Leachman conceded in his brief and amended rehearing motion, and the State pointed out in its brief, Leachman did not raise this issue of jurisdiction over the new-trial order in his habeas application. Though he first raised this issue at the abatement hearing, it was not addressed by the habeas court in its judgment or the abatement findings and conclusions. Thus, we lack appellate jurisdiction to review the state court's new-trial order, granted under trial court cause number 786224, which may be reviewable on direct appeal. *See Ex parte Perez*, 536 S.W.3d 877, 880 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("In reviewing an order denying habeas relief, an intermediate court of appeals only reviews issues that were properly raised in the habeas petition and addressed by the trial court.").

Second, "[w]hen a motion for new trial was granted at the defendant's request, and the basis was other than insufficient evidence, double jeopardy considerations do not bar a new trial." *Ex parte Queen*, 833 S.W.2d 207, 208 (Tex. App.—Houston [1st Dist.] 1992, pet. granted), *aff'd by* 877 S.W.2d 752 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1115 (1995). This is because, after a new trial has been

granted on grounds other than insufficient evidence, the "[a]ppellant has not gained an acquittal or suffered a final conviction" and "[n]either has he been faced with multiple punishments for the offense with which he is charged." *Id.* at 208. "Thus, appellant is not exposed to double jeopardy in the present case" because, instead, "he is in the same position as if the first trial had not occurred." *Id.* (citing *Lofton v. State*, 777 S.W.2d 96, 97 (Tex. Crim. App. 1989) (by granting motion for new trial, trial court restores case to position before earlier trial, and "initial jeopardy continues"); *see also Jackson v. State*, No. 01-12-00656-CR, 2013 WL 3155935, at *1 (Tex. App.—Houston [1st Dist.] June 20, 2013, pet. denied) (mem. op., not designated for publication) (affirming denial of pretrial habeas application finding that, after trial court had granted appellant's motion for new trial based on violation of *Brady v. Maryland*, 373 U.S. 83 (1963), initial jeopardy continued because new trial was granted on grounds other than insufficient evidence) (citing *Lofton*, 777 S.W.2d at 97).

Here, once the trial court granted the State's motion for new trial, to comply with the federal habeas court's order granting the Sixth Amendment *Faretta* self-representation claim—and not based on insufficient evidence—Leachman was returned to the pretrial phase before his first trial, and initial jeopardy continues. *See* TEX. R. APP. P. 21.9(b); *Lofton*, 777 S.W.2d at 97. Therefore, Article 11.07 did not apply because there was no longer a final felony conviction once the trial court

16

granted the motion for new trial. *See Ex parte Queen*, 833 S.W.2d at 208 (noting that after new trial has been granted on grounds other than insufficient evidence, "[a]ppellant has not gained an acquittal or suffered a final conviction"). Thus, Leachman is still under "initial jeopardy" for the first charge, and has not been exposed to double jeopardy. *Lofton*, 777 S.W.2d at 97.

We overrule Leachman's first and second issues.

As for Leachman's third issue, he essentially claims that the trial court erred in denying pretrial habeas corpus relief because the State is seeking multiple punishments for the same offense, which violates double jeopardy. As noted above, after the trial court granted a new trial to comply with the federal habeas relief granted on Leachman's *Faretta* claim (not based on insufficient evidence), Leachman is under "initial jeopardy" continuing for the first charge, not double jeopardy. *See Lofton*, 777 S.W.2d at 97. "A retrial is barred on jeopardy grounds only if there is insufficient evidence to support the conviction." *Hisey*, 207 S.W.3d at 385. Similarly, in the main case Leachman relied on in his habeas application, the Fourteenth Court, in fact, rejected that appellant's "mirror[ing]" double-jeopardy argument because "a new trial was granted on reasons other than sufficiency of the evidence," and thus, "appellant was under 'continuing jeopardy' and could be retried for the same offense." *Legrand*, 291 S.W.3d at 39 (citations omitted). This Court has followed *Legrand*, 291 S.W.3d at 41, after noting that a new trial was granted

17

there based on prosecutorial misconduct, by holding that double jeopardy does not bar a retrial when the State's misconduct in failing to disclose *Brady* evidence caused the trial court to set aside the verdict. *See Jackson*, 2013 WL 3155935, at *2. Thus, double jeopardy does not bar the retrial here because a new trial was granted on the *Faretta* self-representation claim, not insufficient evidence.

In his amended rehearing motion, while he concedes that *Legrand* was the main case that he relied upon in his habeas application, Leachman contends that he cited *Legrand* to support his overall argument that his case primarily falls under the multiple-prosecutions context for double-jeopardy claims, rather than the multiple-punishments context. Even when reprosecution was allowed, Leachman contends that the original trial charge matters, and the case he cited is *United States v. Ewell*, 383 U.S. 116 (1966). Leachman states that the *Ewell* Court held that "[i]f the present indictments charge the same offense as the [§] 4705 offense for which appellees were previously convicted, they may clearly be retried on either [§] 4705 or [§] 4704 after their convictions have been vacated on their own motions." *Ewell*, 383 U.S. at 124. Leachman claims that the *Ewell* Court held that retrial under a different penal statute with different elements was allowed by the Double Jeopardy Clause, after a conviction was set aside, because the new charge "does not in any manner *expand the number of trials* that may be brought against [the defendants]." *Id.* at 125 (emphasis added). Thus, Leachman asserts that the *Ewell* Court prohibits what the

18

State is trying to do here, break the indictment from the first trial into two indictments, because "[t]he identity of the offense(s) charged *in the first trial* continues to govern the scope of what may be tried *in the single retrial the State is allowed.*"

However, Leachman first raised this multiple-prosecutions argument citing *Ewell* in his proposed findings of fact and conclusions of law, which were filed with the trial court on August 14, 2017, for the abatement hearing, well after his habeas application was denied on September 28, 2016. In its abatement findings and conclusions, the habeas court did not address any of Leachman's arguments, including *Ewell*, because it concluded that the "additional findings of fact and conclusions of law proposed by [Leachman] [we]re beyond the scope of the order of the Court of Appeals[.]" As noted above, this Court does not address new arguments that were not raised and addressed by the trial court in denying habeas relief. *See Ex parte Perez*, 536 S.W.3d at 881.

In any event, *Ewell* does not apply here because the United States Supreme Court's holding and reason for reversing the dismissal of the federal narcotics indictments was based solely on the Speedy Trial Clause, not the Double Jeopardy Clause. *See Ewell*, 383 U.S. at 120 (holding that, "[w]e cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy

19

trial."). After making its Speedy Trial holding, the *Ewell* Court went on to elaborate on why there was no Double Jeopardy Clause violation, but that was dicta because the trial court had rejected the double-jeopardy claim. *See id.* at 121 ("These policies, so carefully preserved in this Court's interpretation of the Double Jeopardy Clause, would be seriously undercut by the interpretation given the Speedy Trial Clause by the court below."), 124 ("Appellees also invoke[d] the Double Jeopardy Clause to sustain the dismissal of the indictments, a ground which we think the trial court correctly rejected."). Thus, *Ewell* does not apply here on the merits.

And even if, assuming arguendo, we construe the two new charges as being prosecuted at the same time, the "same elements" of the *Blockburger I* test are not met here. *See Blockburger*, 284 U.S. at 304; *see also Watson*, 900 S.W.2d at 61–62. As noted above, both the Court of Criminal Appeals and this Court have rejected similar multiple-prosecution and multiple-punishment double-jeopardy claims involving two different counts of the same aggravated sexual assault of a child statute involved here, Texas Penal Code Section 22.021. *See Vick*, 991 S.W.2d at 832–33; *Cochran*, 874 S.W.2d at 770, 772–73. This is because each charge of aggravated sexual assault of a child requires proof of an element not required under the other charge. *See Watson*, 900 S.W.2d at 61. Here, the first charge, under 1520246, alleges anal sodomy whereas the second charge, under 1520247, alleges oral sodomy. *Compare* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iv) (West 2011)

20

("causes the anus of a child to contact the . . . sexual organ of another person, including the actor") *with* § 22.021(a)(1)(B)(ii) ("causes the penetration of the mouth of a child by the sexual organ of the actor"). The CCA has held that "[e]very instance of sexual assault is a separate crime and may be prosecuted in separate trials." *Ex parte Goodbread*, 967 S.W.2d 859, 861 (Tex. Crim. App. 1998) (affirming denial of pretrial habeas application based on double jeopardy because prosecution on initial indictment did not create double jeopardy bar to later prosecution upon new indictment) (citation omitted).

Therefore, we overrule Leachman's third issue.

## Conclusion

Accordingly, we affirm the trial court's judgment denying habeas relief.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Brown, and Caughey.

Publish. Tex. R. App. P. 47.2(b).