**AFFIRM; and Opinion Filed August 29, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-01025-CR**
**No. 05-18-01026-CR**
**No. 05-18-01027-CR**

**PHILLIP BRUCE CROCKETT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1676525-U, F-1676526-U, F-1676527-U**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Molberg

Phillip Bruce Crockett appeals the trial court's judgments—after granting him a new trial—

revoking his community supervision, adjudicating him guilty of three counts of aggravated robbery

under three different cause numbers, and sentencing him in each of the three judgments to a fifteen-

year prison term, to run concurrently. On appeal, Crockett argues his sentence under all three

cause numbers should be ten years pursuant to a plea bargain and adjudication reached before the

trial court granted Crockett's motion for new trial.

We affirm the trial court's judgments.

## BACKGROUND

Crockett was charged with three counts of aggravated robbery in three indictments in trial court cause numbers F-1676525-U, F-1676526-U, and F-1676527-U. Each indictment included an enhancement paragraph alleging Crockett was previously convicted of a felony. In exchange for Crockett's guilty plea in all three cases, the State agreed to strike the enhancement paragraph in each indictment. The trial court admonished Crockett that because the State struck the enhancement paragraphs, the punishment range was five to ninety-nine years or life imprisonment. Following the State's recommendation, on October 3, 2017, the trial court found Crockett guilty as charged, found that a deadly weapon was used or exhibited during the commission of the crime in each case, and sentenced Crockett to ten years' imprisonment in each case, to run concurrently.

At a hearing on October 24, 2017,[1] an attorney for the State told the trial court that at the time the trial court admonished Crockett and accepted Crockett's guilty pleas on October 3, the State was in possession of potential exculpatory "*Brady*"[2] material that had not been conveyed to Crockett.[3] The trial court informed Crockett that, now having been provided the *Brady* material, Crockett could file a motion for new trial if he wanted to and it was "pretty certain" the motion would be granted. The State said it would not object.

On November 2, 2017, Crockett filed an unopposed motion for new trial in each of the three cases. Each motion asserted that Crockett was entitled to a new trial "for the good and sufficient reason that the verdict is contrary to the law and the evidence." Crockett did not set forth the *Brady* violation or any other specific ground in his motions for new trial. The trial court granted the motions on the same day. At a hearing on June 4, 2018, before Crockett entered his

---

[1] The first page of the hearing transcript states the date of the hearing was August 21, 2017. However, the transcript otherwise twice states—and Crockett and the State agree— the date of the hearing was October 24, 2017.

[2] *Brady v. Maryland*, 373 U.S. 83, 86–87 (1963).

[3] The State indicated it came into possession of the potential *Brady* material on September 25, 2017.

pleas to the charges and to the enhancement paragraphs in each of the three cases, the trial court admonished him:

> You are charged by indictment [in] each of these cases with a first-degree felony offense of aggravated robbery. There is an enhancement paragraph contained in each of these indictments, and so the range of punishment allowed by the law for these cases is anywhere between 15 years up to 99 years or life in prison.

Crockett told the trial court he understood the offenses he was charged with and the range of punishment he faced. With the benefit of a second plea bargain, Crockett pleaded guilty to the charges and he pleaded true to the enhancement paragraphs in all three cases. The trial court accepted Crockett's "guilty" and "true" pleas, found the evidence sufficient to prove Crockett's guilt beyond a reasonable doubt as to each of the offenses, and made an affirmative deadly weapons finding. In accordance with the plea bargain, the trial court deferred its adjudication of guilt and placed Crockett on community supervision for ten years.

On June 15, 2018, the State filed a motion to revoke Crockett's community supervision in each of the three cases based on alleged violations of the trial court's community supervision order. In a hearing conducted on August 1, 2018, Crockett pleaded true to the alleged violations. The trial court found true the allegations that Crockett violated terms of his community supervision, revoked community supervision, adjudicated Crockett guilty, and assessed punishment at fifteen years' imprisonment in each case, to run concurrently. The trial court stated Crockett would receive credit for time served. After sentencing, Crockett did not object to the sentences, and he did not file a motion for new trial in any of the three cases.

## ANALYSIS

On appeal, Crockett contends the trial court did not have "authority" to rule on his motion for new trial, or erred in granting his new trial request, because the motion did not state it was based on the State's failure to convey exculpatory information to him, or set forth any other

–3–

specific basis. In other words, Crockett contends the granting of a new trial based on a motion that lacked specificity is of no effect. Thus, Crockett argues, the original adjudication of October 2017 is controlling and the subsequent actions of the trial court (including Crockett's placement on deferred adjudication and the revocation of his community supervision) were void and the trial court was without jurisdiction. Even if there was error in the trial court's action, the invited error doctrine precludes Crockett's complaint.

The invited error doctrine applies to situations where a party requests the trial court to take an action (here, granting a motion for new trial), then complains of that action on appeal. *See Druery v. State*, 225 S.W.3d 491, 505–06 (Tex. Crim. App. 2007) ("if a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error") (quoting *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999)); *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) ("party cannot complain on appeal that the trial court took a specific action that the complaining party requested"). Crockett timely filed a motion for new trial on November 2, 2017, which the trial court granted on the same day. Because Crockett induced the action he now complains of by filing a motion for new trial, he is estopped from asserting the trial court's action in ruling favorably on his motion was error. *Druery*, 225 S.W.3d at 505–06.

Once a sentence has been imposed, a defendant may return to his pre-sentencing status by filing a motion for new trial. Crockett's first sentence of ten years' imprisonment was imposed in open court on October 3, 2017. Crockett had thirty days—until November 2, 1017—to timely file a motion for new trial. TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). Crockett timely filed a motion for new trial on November 2, 2017. Crockett then was required to "present" his motion for new trial to the trial court within ten days of filing it, TEX. R. APP. P. 21.6, and the trial court was required to rule on the motion by written order within

seventy-five days after imposing the sentence, TEX. R. APP. P. 21.8(a). In this case, the trial court granted Crockett's motion by written order on the same day the motion was filed, satisfying both requirements. *State v. Moore*, 225 S.W.3d 556, 568–69 (Tex. Crim. App. 2007). Put another way, the trial court never lost jurisdiction of the cases.

Thus, Crockett's second argument, that the trial court's August 1, 2018 order revoking community supervision "was void because it violated [his] double jeopardy protections against successive prosecutions," is unavailing. When the trial court granted Crockett's motion for new trial, the three cases—and Crockett—were restored to the position they were in prior to Crockett's October 3, 2017 guilty pleas. TEX. R. APP. P. 21.9. On his motion, Crockett received a new trial after the trial court had set aside the prior adjudication of guilt, and he was not exposed to double jeopardy. *Ex parte Leachman*, 554 S.W.3d 730, 739–40 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd) ("[w]hen a motion for new trial was granted at the defendant's request, and the basis was other than insufficient evidence, double jeopardy considerations do not bar a new trial") (quoting *Ex parte Queen*, 833 S.W.2d 207, 208 (Tex. App.—Houston [1st Dist.] 1992), *aff'd*, 877 S.W. 2d 752 (Tex. Crim. App. 1994), *cert denied*, 513 U.S.1115 (1995)).

In his third argument, Crockett argues he should get credit for days he was "erroneously released" from incarceration. Crockett, however, does not explain how he was "erroneously released" or how the erroneous release doctrine applies to his cases. Crockett therefore waived this argument due to inadequate briefing. *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000).

We resolve all of Crockett's issues against him and we affirm the trial court's judgments in trial court cause numbers F-1676525-U, F-1676526-U, and F-1676527-U.

/Ken Molberg/

KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

181025F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

PHILLIP BRUCE CROCKETT, Appellant

No. 05-18-01025-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1676525-U.
Opinion delivered by Justice Molberg.
Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of August, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PHILLIP BRUCE CROCKETT, Appellant

No. 05-18-01026-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1676526-U.
Opinion delivered by Justice Molberg.
Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of August, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PHILLIP BRUCE CROCKETT, Appellant

No. 05-18-01027-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1676527-U.
Opinion delivered by Justice Molberg.
Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of August, 2019.