Joe SOROLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-86-00256-CR.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1987.

Discretionary Review Granted Dec. 2, 1987.

Richard Langlois, San Antonio, for appellant.

Alger H. Kendall, Jr., Dist. Atty., Karnes City, for appellee.

Before CADENA, C.J., and DIAL, and CHAPA, JJ.

DIAL, Justice.

This is an appeal from the denial of the relief requested based upon a double jeop-

ardy claim urged in appellant's pretrial writ of habeas corpus.

Appellant was originally found guilty by a jury of the offense of capital murder. Following the jury verdict, and outside the presence of the jury, the trial court, the State, and appellant agreed that because the State had waived the death penalty, the proper procedure was to have the court assess punishment. The trial court sentenced appellant to life imprisonment. On direct appeal this court reversed noting that the Court of Criminal Appeals had consistently held that in a capital murder case the State could not waive the death penalty, and the defendant could not waive the right to trial by a jury. *Sorola v. State*, 674 S.W.2d 809 (Tex.App.—San Antonio 1984), *affirmed*, 693 S.W.2d 417 (Tex. Crim.App.1985).

Following remand, appellant filed his pretrial writ of habeas corpus in the trial court. In the writ, appellant asserted that based upon the circumstances of the prior trial in this cause, the State was presently barred from seeking the death penalty on the retrial. Appellant asserted that prior to the first trial the State announced it would not seek the death penalty, the first jury was not qualified on the death penalty by either the State or appellant, and the State offered no evidence prior to the trial court assessing the punishment outside the presence of the jury and prior to the jury's discharge. Appellant alleged that to allow the State to now seek the death penalty would be a violation of the double jeopardy provisions of the 5th Amendment of the United States Constitution and Article I, § 14 of the Texas Constitution. Appellant also asserted that to permit the State to seek the death penalty denied appellant due process afforded him under the 14th Amendment, United States Constitution because of his successful appeal and was clear evidence of prosecutorial vindictiveness. The trial court denied relief under the claim of double jeopardy.

Clearly, appellant was placed in jeopardy when the jury was empaneled and sworn in the first trial. *See Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978) and *Sewell v. State*, 696 S.W.2d 559 (Tex.Crim. App.1983). Yet, our decision reversing this cause when originally submitted was based upon trial error in that the State attempted to waive the death penalty, the appellant attempted to waive the jury at punishment after having been found guilty of capital murder and the trial court assessed the punishment himself and subsequently dismissed the jury.

■ Generally, double jeopardy does not attach when a case is reversed because of trial error. *Franklin v. State*, 693 S.W.2d 420 (Tex.Crim.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986) and *Ex parte Duran*, 581 S.W.2d 683 (Tex.Crim.App.1979). Nor is this a case where the special issues of TEX.CODE CRIM.PROC.ANN. art. 37.071 (Vernon 1987) were decided in any factual manner. The trial court merely bypassed art. 37.071 and imposed a life sentence. This action does not constitute an implied finding against the imposition of the death penalty. A complete retrial because of the trial error that occurred does not subject appellant to double jeopardy.

■ As to the allegation of vindictiveness, we find what was stated in footnote 7 by Presiding Judge Onion in *Batten v. State*, 533 S.W.2d 788, 794 (Tex.Crim.App. 1976) to be fully applicable to the instant cause:

In the event of a retrial the appellant will not be able to waive trial by jury in light of Article 1.14, Vernon's Ann.C.C.P. (set forth in the body of the opinion), and it is here noted that the doctrine of *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), will not normally be involved so that death will be an applicable penalty upon retrial.

*Pearce* held that neither the double jeopardy provision nor the due process clause of the Fourteenth Amendment absolutely bars imposition of a more severe sentence upon re-conviction of a defendant who has had original conviction set aside at his own behest, but that due process of law requires that vindictiveness against a defendant for having successfully attacked his prior conviction

must play no part in the punishment assessed after he received a new trial. Since a defendant's fear of such vindictiveness may unconstitutionally deter a defendant from attacking his earlier conviction, due process requires a defendant be freed of apprehension on the part of the *sentencing judge.*

In order to insure the lack of vindictiveness on the part of the sentencing judge, the *Pearce* opinion required the judge to make certain findings before the punishment assessed at the second trial could be more severe than at the first trial.

However, in *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), the United States Supreme Court held that the imposition of a higher penalty *by a jury* upon retrial after a reversal of a state conviction did not violate the double jeopardy provision nor due process clause of the Fourteenth Amendment where *the jury* is not informed of the prior sentence and the second sentence is not otherwise shown to be a product of vindictiveness. See also *Fairris v. State,* 515 S.W.2d 921 (Tex.Cr.App. 1974), and cases there cited; *Weeks v. State,* 521 S.W.2d 858 (Tex.Cr.App.1975).

We find no evidence of vindictiveness before us. Nor do we find that double jeopardy precludes the imposition of the death penalty as one of the possible punishments that could result if a conviction in the instant cause is obtained for capital murder.

The judgment of the trial court denying the relief requested is affirmed, and the writ of prohibition heretofore entered by this court is set aside.