**David Sidney HISEY, Appellant,**

v.

**The STATE of Texas.**

**No. PD–0223–04.**

Court of Criminal Appeals of Texas.

April 27, 2005.

Roger Ezell, for Galveston, for Appellant.

B. Warren Goodson, Jr., Assist. DA, Galveston, Matthew Paul, State's Attorney, Austin, for State.

---

32. Refer to note 12, *supra.*

1. *Hisey v. State,* 129 S.W.3d 649, 659 (Tex. App.-Houston [1st Dist.] 2004); *see Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). Although appellant did not object to the jury charge, the court of appeals found this error reversible under *Almanza* because appellant suffered "egregious harm." The

*OPINION*

PER CURIAM.

Appellant was charged with capital murder for intentionally or knowingly causing the death of his mother, Sunnye Hisey, on or about November 15, 1999, and for intentionally or knowingly causing the death of his father, Hollis Hisey, on or about July 15, 2000, pursuant to the same scheme or course of conduct. A jury convicted appellant of the lesser offense of murder and assessed punishment at 43 years' imprisonment and a $10,000 fine.

The charge to the jury instructed that appellant should be found guilty of the lesser offense of murder if jurors found that appellant was guilty of murdering both parents (but not pursuant to the same scheme or course of conduct), his mother only, or his father only. The verdict form provided the jury with three options: (1) guilty of capital murder; (2) guilty of murder; or, (3) not guilty. In neither the jury instructions nor the verdict form was the jury instructed that it must unanimously agree upon any one of the three different criminal acts—murder of mother, murder of father, or murder of both but not pursuant to a single scheme—to convict appellant of the lesser offense. The First Court of Appeals held that "[a]s written, the charge allowed for a non-unanimous jury verdict, in violation of the Texas Constitution's and Texas Code of Criminal Procedure's requirements of a unanimous jury verdict in felony cases." [1] We granted the State's petition for discretionary review to determine the correctness of that decision.[2] In the interim, however, we ad-

---

State did not request—and we did not grant—review of the court of appeals' "egregious harm" analysis.

2. We granted the State's single ground for review: "The First Court of Appeals erred in finding the guilt-innocent charge of the court with its verdict page allowed for a non-unani-

dressed this same issue in *Ngo v. State,*[3] and answered it adversely to the State's position.[4] We therefore dismiss the State's petition.

mous jury verdict of guilty for the lesser included offense of murder."

**3.** —— S.W.3d ——, 2005 WL 600353, 2005 Tex.Crim.App. LEXIS 457 (Tex.Crim. App., delivered March 16, 2005).

**4.** *Id.* at *11 (concluding that "[w]hen the State charges different criminal acts, regardless of whether those acts constitute violations of the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of these criminal acts").