**David Sidney HISEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–05–01127–CR, 01–05–01128–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 20, 2006.

Greg N. Russell, Russell, Ibrahim & Elliott, LLP, Houston, TX, for Appellant.

Kurt Sistrunk, Criminal District Attorney, Galveston, TX, for Appellee.

Panel consists of Chief Justice RADACK, Justices JENNINGS and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, David Sidney Hisey, appeals from the trial court's order denying his pretrial application for writ of habeas corpus that sought relief from double jeopardy in trial court cause numbers 01CR0556 and 05CR2756. *See* TEX.CODE CRIM. PROC. ANN. art. 11.08 (Vernon 2005). In one issue, appellant asserts that "the State should be barred by principles of Double Jeopardy from retrial of either of the two pending murder charges." Appellant contends that pending murder indictments in trial court cause numbers 01CR0556 and 05CR2756 are barred by double jeopardy because of our reversal of appellant's murder conviction in appellate cause number 01–02–00555–CR. *See generally Hisey v. State*, 129 S.W.3d 649 (Tex.App.-Houston [1st Dist.] 2004), *pet. dism'd*, 161 S.W.3d 502 (Tex.Crim.App.2005) (per curiam). We conclude that because our previous reversal of appellant's murder conviction was due to trial error, appellant's retrial for murder is not barred by double jeopardy. We affirm the trial court's order.

## Procedural Background

Appellant was charged by indictment with capital murder for intentionally or knowingly causing the death of Sunnye Hisey on or about November 15, 1999 and for intentionally or knowingly causing the death of Hollis Hisey on or about July 15, 2000, pursuant to the same scheme or course of conduct, but during different transactions. A jury convicted appellant of the lesser-included offense of murder and assessed punishment at 43 years' confinement and a $10,000 fine. Appellant's conviction for murder resulted from a jury charge that allowed appellant to be convicted if the evidence established beyond a reasonable doubt that he murdered Sunnye Hisey or Hollis Hisey or both. On June 17, 2005, in appellate number 01–02–00555–CR, we issued a mandate reversing and remanding the judgment of conviction in trial court cause number 01CR0556, concluding that the erroneous disjunctive jury charge "effectively deprived [appellant] of his right to a trial by jury because [it] allowed for a conviction of murder whether the jury believed appellant committed the murder of Sunnye or the murder of Hollis." *Id.*

Appellant was subsequently indicted in cause number 05CR2756 that charged him with the murder of Sunnye Hisey and reindicted in original cause number 01CR0556 that charged him with the murder of Hollis Hisey. Appellant filed a motion entitled, "Pre–Trial Application for Writ of Habeas Corpus Seeking Relief from Double Jeopardy" that asserted that the pending murder indictments in trial court cause numbers 01CR0556 and 05CR2756 were barred by double jeopardy because of our reversal of appellant's murder conviction in appellate cause number 01–02–00555–CR.

## Double Jeopardy

■ In his sole issue, appellant contends that the trial court erred by denying his pretrial application for writ of habeas corpus because prosecution under his pending murder indictments in trial court cause numbers 01CR0556 and 05CR2756 is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution due to our reversal of appellant's murder conviction in appellate cause number 01-02-00555-CR. In this appeal, appellant asserts,

> Because the jury convicted appellant of murder, we know that the jury was convinced beyond a reasonable doubt that he caused the death of Sunnye or Hollis. Because of the erroneous instruction in the charge, however, we do not know whether the jury was convinced that appellant killed both Hiseys, or whether it believed he killed only one of the Hiseys, and if so, which one. . . . In this case, if the State is not barred from retrial, Appellant could receive a life sentence on a charge that the jury acquitted him of. It is impossible to make a determination of whether appellant was convicted of one of the murders.

Appellant contends that this may be a matter of first impression and cites to no authority "on point." The State contends that successful appeal due to trial error, including jury charge error, does not bar subsequent retrial for the offense.

■ Double jeopardy is the principle that a person shall not "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The prohibition protects against (1) a second prosecution "for the 'same offense'" after acquittal; (2) a second prosecution "for the 'same offense'" after conviction; and (3) "multiple punishments for the 'same offense'". *Ex parte Kopecky*, 821 S.W.2d

957, 958 (Tex.Crim.App.1992) (citations omitted).

■ "Generally double jeopardy does not attach when a case is reversed because of trial error." *Sorola v. State*, 737 S.W.2d 118, 119 (Tex.App.-San Antonio 1987), *aff'd*, 769 S.W.2d 920 (Tex.Crim.App.1989); *accord Ex parte Duran*, 581 S.W.2d 683, 684 (Tex.Crim.App.1979) (stating that "reversal for trial error does not preclude another trial"). "The State may retry a defendant after a successful appeal because the 'original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean.'" *Ex parte Fortune*, 797 S.W.2d 929, 936 (Tex.Crim. App.1990) (citing *North Carolina v. Pearce*, 395 U.S. 711, 721, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969)). "[J]eopardy does not attach to the offense for which the defendant was convicted when a court grants a new trial because the charge contained improper instructions." *Franklin v. State*, 693 S.W.2d 420, 432 (Tex.Crim. App.1985).

■ "A retrial is barred on jeopardy grounds only if there is insufficient evidence to support the conviction." *Ex parte Mitchell*, 977 S.W.2d 575, 578 (Tex. Crim.App.1997); *see Fortune*, 797 S.W.2d at 932 (stating, "It is a 'venerable princip[e]' of double jeopardy jurisprudence' that '[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict . . . poses no bar to further prosecution of the same charge'") (citation omitted). "[T]he Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, [and] the only 'just' remedy available for that court is the direction of a judgment of acquittal." *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978). In *Burks*, the court stated,

In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, *incorrect instructions,* or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

*Burks,* 437 U.S. at 15, 98 S.Ct. at 2149 (emphasis added).

In the underlying appeal that resulted in reversal of appellant's conviction for murder, we concluded that "the erroneous disjunctive charge deprived the appellant of a fair and impartial trial." Our opinion stated that "we must presume that it is possible that appellant was convicted by a jury that may have been split concerning whether he killed either Sunnye or Hollis." We noted that the parties disputed whether Sunnye and Hollis were killed during the same scheme or course of conduct and that we could not determine from the court record before us whether that was the jury's reason for appellant's acquittal for capital murder. We stated further, "Because of the erroneous instruction in the charge, however, we do not know whether the jury was convinced that appellant killed both Hiseys, or whether it believed he killed only one of the Hiseys, and, if so, which one." The "opposing experts could . . . not agree about the cause of death," and we concluded the following in evaluating the competing expert testimony regarding cause of death:

There are too many variables, based on whom the jury found credible and how it evaluated the importance of the testimony, for us to conclude that the jury convicted appellant for both murders. From the medical evidence, it appears possible that one or more of the jurors believed appellant killed Sunnye only, and one or more of the jurors believed he killed Hollis only, and reached a verdict of murder under the erroneous charge.

It is axiomatic that "former jeopardy includes one who has been acquitted by a verdict duly rendered." *Burks,* 437 U.S. at 7, 98 S.Ct. at 2145 (citations omitted). If the jury had expressly acquitted appellant of one of the murders, the State would be barred from prosecuting appellant of that murder. *Id.* Here, however, the jury made no such express finding. Although we could not establish in the previous appeal whether appellant's conviction resulted from a unanimous jury verdict, we did not hold that the evidence was legally insufficient to establish that appellant killed either Sunnye or Hollis. Instead, we merely determined that we could not ascertain from the jury charge used by the trial court whether appellant had been convicted by a unanimous jury for either the death of Sunnye or Hollis.

We thus conclude that appellant's pending murder charges are not barred by double jeopardy because we granted a new trial due only to the trial court's erroneous jury charge. *See Franklin,* 693 S.W.2d at 432; *Sorola,* 737 S.W.2d at 119; *Duran,* 581 S.W.2d at 684. Specifically, we conclude that appellant's conviction is not barred on the grounds that reversal was due to insufficiency of the evidence to establish the murder offense. *See Mitchell,* 977 S.W.2d at 578; *Fortune,* 797 S.W.2d at 932. Because appellant's conviction was reversed only on the grounds of incorrect

jury instructions, no bar exists to further prosecution of the same charge. *See Burks,* 437 U.S. at 15, 98 S.Ct. at 2149. We therefore hold that appellant's subsequent prosecution for the deaths of Sunnye and Hollis is not barred by double jeopardy.

## Conclusion

We affirm the trial court's order denying habeas corpus relief.