**EX PARTE Badih Ahmad AHMAD**

**NO. 14–16–00175–CR**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed June 16, 2016.

Rehearing Overruled July 21, 2016

Discretionary Review Stricken November 2, 2016

No. 02–10–00435–CV, 2011 WL 1833138, at *2 (Tex.App.–Fort Worth May 12, 2011, no pet.) (mem.op.).

Badih Ahmad Ahmad, Houston, TX, for Appellant.

Kathryn Davis, Houston, TX, for State.

Panel consists of Chief Justice Frost and Justices McCally and Brown.

## OPINION

PER CURIAM

Appellant Badih Ahmad Ahmad appeals the denial of his pretrial writ of habeas corpus in which he asserted his right to represent himself Because a claim for self-representation is not cognizable on a pretrial writ of habeas corpus, we dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant is charged with driving while intoxicated. Counsel was appointed to represent appellant after he was indicted. On February 8, 2016, appellant filed a handwritten document titled, "Writ of Habeas Corpus in Pursuit of Pro Se Defense." On the same day, the trial court wrote, "Denied" on the face of appellant's motion. Appellant subsequently filed a motion to proceed pro se in addition to several other pro se motions. On February 26, 2016, appellant filed a notice of appeal of the trial court's denial of his application for writ of habeas corpus in pursuit of a pro se defense.

### JURISDICTIONAL ANALYSIS

On May 27, 2016, the State filed a motion to dismiss in which it argues this court does not have jurisdiction over appellant's appeal because, among other things, appellant's claim for self-representation is not cognizable on pretrial habeas.

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex.Crim.App.2016). This remedy is reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex.Crim.App.2001). Except when double jeopardy is raised, pretrial habeas is not available when the question presented, even if resolved in the defendant's favor, would not result in immediate release. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex.Crim.App.2010).

Appellant's claim for self-representation is not cognizable on pretrial habeas. Even if we granted appellant the relief he requests, he would not be released from confinement. On June 10, 2016, appellant filed a response to the State's motion to dismiss. Appellant's response does not demonstrate jurisdiction over this appeal. We conclude that pretrial habeas proceedings are not an appropriate avenue for raising a claim for self-representation. *See generally Blankenship v. State*, 673 S.W.2d 578, 583–84 (Tex.Crim.App.1984) (applying standards set out in *Faretta v.*

*California,* 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) to defendant's assertion of right to self-representation).

Because appellant's claim for self-representation is not cognizable on pretrial habeas, we lack jurisdiction to consider appellant's appeal. *See Ex parte Doster,* 303 S.W.3d at 727 (dismissing appeal of pretrial writ when court determined relief sought was not cognizable on pretrial habeas). The State's motion is granted and the appeal is ordered dismissed.