# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00534-CR

**Crae Robert Pease, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 9 OF TRAVIS COUNTY
NO. C-1-CR-15-153365, HONORABLE KIM WILLIAMS, JUDGE PRESIDING

## MEMORANDUM OPINION

Appellant Crae Robert Pease, appearing pro se, filed an interlocutory appeal from the trial court's denial of his right to defend himself in a criminal hearing. In criminal cases, unless expressly authorized by statute, appellate courts only have jurisdiction to review final judgments of conviction. *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law but whether appeal is authorized by law). In criminal cases, an appeal is authorized only when a trial court "enters a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. art. 44.02 ("A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."). "[A] defendant's right of appeal is a statutorily created right." *See Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002). No statute authorizes an interlocutory appeal of a defendant's request for self-representation. *Cf. Blankenship v. State*, 673 S.W.2d 578, 583-84 (Tex. Crim. App. 1984)

(addressing denial of right to self-representation in appeal from final judgment and applying standards set out in *Faretta v. California,* 422 U.S. 806, 819 (1975)); *Ex parte Ahmad*, No. 14-16-00175-CR, ___ S.W.3d ___, 2016 WL 3362633, at *1 (Tex. App.—Houston [14th Dist.] June 16, 2016) (per curiam) (holding courts of appeals lack jurisdiction to consider appeal of trial court's denial of pretrial habeas corpus because claim for self-representation was not cognizable on pretrial habeas). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Dismissed for Want of Jurisdiction

Filed: September 14, 2016

Do Not Publish