**Opinion issued March 28, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00792-CR

———————————

## EX PARTE PATRICIO ESTRADA

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 17-DCR-077572

## O P I N I O N

Appellant, Patricio Estrada, appeals from the trial court's order denying his pro se application for a pretrial writ of habeas corpus, filed under article 11.08 of the Texas Code of Criminal Procedure.[1] Estrada contends that he is entitled to

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015) ("If a person is confined after indictment on a charge of felony, he may apply to the judge of the court in which he is indicted.").

immediate release from custody on the following five grounds: (1) a violation of the Fifth Amendment Double Jeopardy Clause; (2) a Sixth Amendment violation for ineffective assistance of counsel; (3) a violation of the Fifth Amendment Due Process Clause; (4) vindictive prosecution; and (5) a Sixth Amendment violation of the Speedy Trial Clause.

We affirm.

## Background

### A. Procedural History in Harris County

On April 17, 2014, after Estrada pleaded guilty to the first-degree felony offense of aggravated sexual assault of a child under fourteen years of age, a Harris County district court signed an order of deferred adjudication placing him on community supervision for six years under trial court cause number 1404467.[2] Two of the conditions of Estrada's deferred adjudication required him to comply with the sex offender registration requirements provided in Chapter 62 of the Texas Code of Criminal Procedure and to attend a substance abuse residential treatment facility.[3]

On August 29, 2016, after the State's third motion to adjudicate was filed, Estrada pleaded true to the violation alleging that he had left a substance abuse

---

[2] *See Estrada v. State*, No. 14-17-00410-CR, 2018 WL 5914504, at *1 (Tex. App.— Houston [14th Dist.] Nov. 13, 2018, pet. ref'd) (mem. op., not designated for publication).

[3] *See id.*

2

treatment facility without court approval in March 2016.[4] The district court revoked Estrada's community supervision, adjudicated him guilty of the underlying felony offense of aggravated sexual assault of a child under fourteen years of age, and assessed his punishment at twelve years' confinement.[5] On direct appeal, the Fourteenth Court of Appeals affirmed Estrada's conviction on November 13, 2018, and the Court of Criminal Appeals refused his petition for discretionary review.[6]

## B.  Procedural History in Fort Bend County

On April 17, 2017, in Fort Bend County, Estrada was indicted for the third-degree felony offense of failure to comply with the sex offender registration requirements under trial court cause number 17-DCR-77572.[7] Because Estrada had been previously convicted of aggravated sexual assault of a child in Harris County, he had been required to comply with the sex offender registration requirements. Specifically, Estrada was charged with failing to report in person, on or about April 4, 2016, to the Fort Bend County Sheriff's Office to provide his anticipated move date and new address, as required by article 62.055, no later than the seventh day

---

[4]     *See id.*

[5]     *See id.* at *3.

[6]     *See id.* at *6; *Estrada v. State*, PD-1330-18 (Tex. Crim. App. Jan. 16, 2019).

[7]     *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West 2006 and Supp. 2018).

before the intended change.[8]

On July 16, 2018, Estrada filed a pro se pretrial habeas corpus application arising from trial court cause number 17-DCR- 77572 in Fort Bend County district court. Estrada's pretrial habeas application raised the following five grounds: (1) violation of the Fifth Amendment Double Jeopardy Clause; (2) Sixth Amendment violation for ineffective assistance of counsel; (3) violation of the Fifth Amendment Due Process Clause; (4) vindictive prosecution; and (5) a Sixth Amendment violation of the Speedy Trial Clause.

On July 23, 2018, the habeas judge held a non-evidentiary writ hearing on Estrada's pro se pretrial habeas application in which his appointed counsel for trial, Mark Racer, and the prosecutor appeared, but no witnesses were called. Estrada's counsel stated that he was not adopting his client's pro se habeas application because counsel did not believe there was a double-jeopardy argument to be made in good faith, and Estrada proceeded to argue his claims pro se. At the end of the hearing, the habeas court orally denied Estrada's writ after denying each claim individually.

## C. The Habeas Court's Findings of Fact and Conclusions of Law

On August 19, 2018, the habeas court signed findings of fact and conclusions of law and an order denying Estrada's pretrial habeas application. The pertinent findings and conclusions are, as follows:

---

[8] *See* TEX. CODE CRIM. PROC. ANN. art. 62.055(a) (West 2006 and Supp. 2018).

4

# FINDINGS OF FACT

. . .

2. The defendant was subsequently charged with Failure to Comply with the Sex Offender Registration Program in Fort Bend County in cause no. 17-DCR-077572 in the 268th District Court of Fort Bend County and a bench warrant was issued. The indictment alleges that the defendant failed to comply with the registration requirements of Chapter 62, Sex Offender Registration Program, of the Texas Code of Criminal Procedure on April 4, 2016 by failing to report to the Fort Bend County Sheriff's Office an anticipated move date and new address not later than the seventh day before the intended change.

. . .

6. The defendant's counsel, Mark Racer, advised the Court that he was not adopting the pro se motions of the defendant, specifically because he believed them to be baseless claims not supported by the law.

7. The Court permitted the defendant the opportunity to present his legal arguments supporting his belief that the present charge of Failure to Comply with Sex Offender Registration should be dismissed.

8. The defendant informed the Court that he is being prosecuted for the same actions that led to his probated sentence in Harris County being adjudicated and resulted in his 12-year-sentence and that this constitutes double jeopardy. The defendant further claimed in his motion that due to this violation, the Fort Bend County charge constitutes vindictive prosecution. The defendant also presented a claim of ineffective assistance of counsel which he agreed had been previously heard and denied by the Court. The defendant further presented a request for dismissal due to violation of the Speedy Trial Act because the State had waited 13 months after his alleged violation for Failure to Comply with Sex Offender Registration to bring charges.

9. When the Court asked the defendant what prejudice he had [] suffered due to the failure of the State to promptly charge him after the commission of his alleged offense, the defendant said that he was unable to locate his landlady who would testify in his behalf.

5

The State indicated that they had as much of an interest in locating the defendant's landlady as the defendant, as she would be a fact witness for the State in his impending trial.

10. Defense counsel informed the Court that he had met with the defendant in the Fort Bend County Jail as well as at each of the court settings for this case. He further explained that he had attempted to contact the landlady where the defendant had allegedly been residing prior to his arrest.

## CONCLUSIONS OF LAW

### Alleged Double Jeopardy Claim

1. The Court finds that there is no evidence that the elements of Aggravated Sexual Assault of a Child under Fourteen and those for Failure to Comply with Sex Offender Registration are the same or similar, nor is one offense the lesser-included offense of the other. The Court further finds that the punishment the defendant received as a result of the motion to adjudicate was for Aggravated Sexual Assault of a Child and not for failing to comply with the requirements of the sex offender statute.

2. The Court further finds that failing to report for a substance abuse treatment facility is not the same act as failing to comply with the sex offender statute.

3. Based on the record, the Court concludes that the defendant has provided no evidence that a subsequent charge of Failure to Comply with Sex Offender Registration after sentencing for a charge of Aggravated Sexual Assault of a Child under Fourteen placed the defendant in double jeopardy. *See Stafford v. State*, 2011 WL 341386 (not reported in S.W. 3d), Ct. App. Texarkana, 2011 [sic].

### Alleged Vindictive Prosecution

4. The decision whether to prosecute and what charge to file generally rests entirely within [a prosecutor's] discretion. *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004). To be entitled to a rebuttable presumption of prosecutorial vindictiveness, the

defendant must prove that he was convicted, he appealed and obtained a new trial, and that the State thereafter filed a greater charge or additional enhancements. *Id.* at 174. The Court finds that there is no evidence that the defendants successfully obtained a new trial on his Harris County conviction, nor that the Fort Bend County charge is a greater charge. The Court finds that the defendant has presented no evidence of prosecutorial vindictiveness.

**Alleged Ineffective Assistance Claim**

5. The Court finds that this allegation has been heard previously and was denied.

6. The Court further finds that contrary to the defendant's written assertions that his counsel has not visited him or spoken with him, counsel has visited the defendant at the Fort Bend County Jail and spoken with him at each court setting. The Court further finds that defense counsel has made attempts to contact the defendant's alleged landlady to develop possible defensive evidence.

7. The Court finds that the defendant failed to show that trial counsel's conduct falls below an objective standard of reasonableness; that but for trial counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting the *Strickland* standard in Texas). Further, the present case is still pending and defense counsel has not completed his responsibilities and any potential claim is not yet ripe.

**Alleged Violation of Speedy Trial Act**

8. The Court takes judicial notice of the Court's file in this case which contains the indictment that was true billed on April 17, 2017. The defendant was bench warranted from the Texas Department of Criminal Justice-Institutional Division after the indictment on March 6, 2018, and his first appearance in the 268th District Court was April 9, 2018, a period of time that is less than a year. The

7

Court further takes judicial notice of the fact that the defendant's case is set for trial October 8, 2018.[9]

. . .

### **ORDER**

The Court has considered the application for writ of habeas corpus and the evidence presented at the July 23, 2018 hearing on the matter. The Court recommends that relief be DENIED.[10]

. . .

**D.  Proceedings in this Court**

On September 4, 2018, Estrada timely filed a pro se notice of appeal from the habeas court's August 19, 2018 findings and conclusions and order denying his pretrial habeas application. *See* TEX. R. APP. P. 26.2(a)(1). On September 21, 2018, the district clerk filed a supplemental clerk's record containing the trial court's certification of Estrada's right of appeal of the denial of his pretrial habeas application. *See* TEX. R. APP. P. 25.2(a)(2), (d). This Court's September 28, 2018 Order did not request briefing. *See* TEX. R. APP. P. 31.1(b).

### **Standard of Review**

Generally, an appellate court reviews a trial court's decision to grant or deny

---

[9]    According to the district clerk's website, Estrada's trial date has been reset to June 25, 2019.

[10]   The habeas court did not address Estrada's due process claim, but did address his request to appeal the trial court's denial of his motion to dismiss his appointed trial counsel, for which he filed a separate notice of appeal on July 11, 2018. This Court dismissed that appeal for want of jurisdiction. *See Estrada v. State*, No. 01-18-00645-CR, 2018 WL 4190058, at *2 (Tex. App.—Houston [1st Dist.] Aug. 31, 2018, no pet.) (mem. op., not designated for publication).

8

habeas corpus relief for an abuse of discretion. *See Ex parte Montano*, 451 S.W.3d 874, 877 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Sandifer v. State*, 233 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). In reviewing the trial court's decision to grant or deny habeas corpus relief, we view the evidence in the light most favorable to the trial court's ruling. *See Ex parte Masonheimer*, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007).

We afford almost total deference to the trial court's determination of historical facts supported by the record, especially when the fact findings are based upon credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). And we afford the same deference to the trial judge's rulings on applications of law to fact questions if resolving those ultimate questions turns on evaluating credibility and demeanor. *Sandifer*, 233 S.W.3d at 2 (citing *Guzman*, 955 S.W.2d at 89). If resolving those ultimate questions turns on applying legal standards, however, we review the determination de novo. *Id.* (citing *Guzman*, 955 S.W.2d at 89). We will uphold the habeas court's judgment if it is correct under any theory of law. *See Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam). We may treat findings mislabeled as conclusions of law as findings of fact. *See Ray v. Farmers State Bank of Hart*, 576 S.W.2d 607, 608 n.1 (Tex. 1979).

Discussion

## A.   Cognizability

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017).  As such, "appellate courts have been careful to ensure that a pretrial writ is not misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (internal quotation marks and citation omitted); *see, e.g.*, *Ex parte Driver*, No. 01-14-00375-CR, 2014 WL 6602529, at *1 (Tex. App.—Houston [1st Dist.] Nov. 20, 2014, pet. ref'd) (mem. op., not designated for publication). Appellate courts must be careful, on interlocutory review, not to entertain a pretrial application for writ of habeas corpus when there is an adequate remedy by direct, post-conviction appeal.  *See Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001); *see also Ex parte Smith*, 178 S.W.3d 797, 801 n.13 (Tex. Crim. App. 2005) ("[A] writ of habeas corpus cannot be used as a substitute for an appeal or to serve the office of an appeal.").  Consequently, "whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved." *Ex parte Ellis*, 309 S.W.3d at 79.  "If a non-cognizable claim is resolved on the merits in a pretrial habeas appeal, then the pretrial writ has

10

been misused, and the State can appropriately petition [the Court of Criminal Appeals] to correct such misuse." *Id.*

A defendant may use a pretrial writ of habeas corpus only in very limited circumstances. *See Ex parte Smith*, 178 S.W.3d at 801; *see, e.g.*, *Ex parte Driver*, 2014 WL 6602529, at \*2. A "pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release." *Ex parte Weise*, 55 S.W.3d at 619. The Court of Criminal Appeals has limited the use of pretrial habeas applications to issues that would result in immediate release and has "held that an applicant may use pretrial writs to assert his or her constitutional protections with respect to double jeopardy and bail," to challenge the facial constitutionality of the statute under which he or she is prosecuted, or to allege that the offense charged is barred by the statute of limitations. *Id.* at 619–620 (holding that as-applied constitutionality challenge to illegal dumping statute was not cognizable via pretrial habeas application); *see also Ex parte Arango*, 518 S.W.3d 916, 923–25 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (reversing denial of pretrial habeas application challenging order transferring juvenile defendant to criminal district court as invalid to vest that court with jurisdiction under *Moon v. State*, 451 S.W.3d 28 (Tex. Crim. App. 2014)).

Conversely, "pretrial habeas is generally unavailable 'when the resolution of a claim may be aided by the development of a record at trial.'" *Ex parte Ingram*,

533 S.W.3d at 892 (quoting *Ex parte Weise*, 55 S.W.3d at 620). For example, the Court of Criminal Appeals has "held that an applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial, challenge a denial of a pretrial motion to suppress, or make a collateral estoppel claim that does not allege a double jeopardy violation" because these issues are better addressed by a post-conviction appeal. *Ex parte Weise*, 55 S.W.3d at 620; *see, e.g.*, *Ex parte Doster*, 303 S.W.3d 720, 727 (Tex. Crim. App. 2010) (dismissing appeal because pretrial habeas application not appropriate vehicle to raise alleged violation of Interstate Agreement on Detainers Act); *see also Ex parte Smith*, 185 S.W.3d 887, 892–93 (Tex. Crim. App. 2006) (affirming denial of pretrial habeas because *in pari materia* claim that defendant should be prosecuted under hazing statute was not cognizable in pretrial habeas application); *Ex parte Smith*, 178 S.W.3d at 802, 805 (reversing grant of pretrial habeas because neither sufficiency of indictment nor purported defects in tolling paragraph of successive indictment is cognizable claim in pretrial habeas application); *see also Ex parte Ahmad*, 498 S.W.3d 254, 256 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (dismissing appeal from denial of pretrial habeas application due to lack of cognizability of applicant's claim to self-representation). Pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be

12

better served by interlocutory review. *Ex parte Weise*, 55 S.W.3d at 620; *see, e.g.*, *Ex parte Driver*, 2014 WL 6602529, at \*2.

Consequently, we must determine which, if any, of Estrada's claims are cognizable via pretrial habeas before we are able to address the merits. *See Ex parte Ellis*, 309 S.W.3d at 79. Because the habeas court's findings and conclusions did not evaluate credibility and demeanor and, instead, turned on applying legal standards, we review the determination de novo. *See Guzman*, 955 S.W.2d at 89.

## B. Estrada's Issues

### 1. Double Jeopardy

"[T]here is a Fifth Amendment right not to be exposed to double jeopardy, and . . . it must be reviewable before that exposure occurs," which includes on appeal. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982). Consequently, the Court of Criminal Appeals has held that an applicant may use a pretrial writ of habeas corpus to assert his or her constitutional protections regarding double jeopardy. *See Ex parte Weise*, 55 S.W.3d at 619. Thus, the denial of Estrada's double-jeopardy claim is cognizable in his pretrial habeas application and is reviewable on the merits on appeal. *See Ex parte Robinson*, 641 S.W.2d at 555; *see also Ex parte Weise*, 55 S.W.3d at 619–20.

The double jeopardy prohibition protects against (1) a second prosecution "for the 'same offense'" after acquittal; (2) a second prosecution "for the 'same offense'"

13

after conviction; and (3) "multiple punishments for the 'same offense.'" *Hisey v. State*, 207 S.W.3d 383, 385 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Ex parte Kopecky*, 821 S.W.2d 957, 958 (Tex. Crim. App. 1992) (citations omitted)).

"In the multiple-punishment and multiple-prosecution contexts, the double jeopardy bar applies if the two offenses for which the defendant is punished or tried cannot survive the 'same elements' or '*Blockburger I*' test." *Ex parte Leachman*, 554 S.W.3d 730, 738 (Tex. App.—Houston [1st Dist.] June 19, 2018, pet. ref'd) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932), and *Watson v. State*, 900 S.W.2d 60, 61–62 (Tex. Crim. App. 1995)). "The same elements" test inquires whether each offense contains an element not contained in the other. *Watson*, 900 S.W.2d at 61. If the second offense contains an element not found in the first offense, then double jeopardy protections are not violated. *See id.*

Here, Estrada does not claim that the first double-jeopardy ground—a second prosecution for the same offense after acquittal—applies here. *See Hisey*, 207 S.W.3d at 385. Instead, he contends that the court should "compare why [he] was revoked" for the "same dates, same offense, and act, just worded different on indictments, but none[]the[]less, same crime" while he "was on probation in Harris County, but living in Fort Bend County," and he cites cases barring successive prosecution for the same offense after conviction and multiple punishments for the same offense. Thus, Estrada claims relief under either the multiple-prosecution

14

context or the multiple-punishments context because he claims that prosecution for failure to register as a sex offender in Fort Bend County involves the "same offense" for which he had his probation revoked in Harris County—absconding from a substance abuse residential treatment facility. *See Hisey*, 207 S.W.3d at 385. We disagree.

First, Estrada was not convicted in Harris County for the failure to register as a sex offender—the charge he faces in Fort Bend County—or for the probation violation of absconding from a substance abuse residential treatment facility. He was convicted of the underlying first-degree felony offense of aggravated sexual assault of a child under fourteen years of age. *See Estrada*, 2018 WL 5914504, at *3. Thus, the multiple-prosecution context does not apply here because he is not subject to a second prosecution in Fort Bend County "for the same offense" after conviction in Harris County. *Hisey*, 207 S.W.3d at 385.

Second, neither the multiple-prosecution nor the multiple-punishments contexts applies here even when comparing the probation violation of absconding from a substance abuse residential treatment facility in Harris County with the felony offense of failure to register as a sex offender in Fort Bend County. The "same elements" of the *Blockburger I* test are not met here. *See Blockburger*, 284 U.S. at 304; *see also Watson*, 900 S.W.2d at 61–62. Here, the charge of failure to register as a sex offender charges Estrada with failing to report in person, on or about April

15

4, 2016, to the Fort Bend County Sheriff's Office to provide his anticipated move date and new address, as required by Article 62.055, no later than the seventh day before the intended change. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.055(a).

Estrada's probation was revoked in Harris County, not for his failing to report to the Fort Bend County Sheriff's Office, but for violating one of the conditions of his deferred adjudication, namely, leaving a substance abuse residential treatment facility without court permission on March 18, 2016. *See Estrada*, 2018 WL 5914504, at *1. Thus, the felony offense that Estrada was subsequently charged with in Fort Bend County (failure to register as a sex offender) involves a completely different statute requiring proof of elements, such as not informing law enforcement in person of his intended change of address, that are not required under the probation condition (absconding from a substance abuse residential treatment facility without court permission in Harris County). *See Watson*, 900 S.W.2d at 61.

We overrule Estrada's double-jeopardy claim.

### 2. Vindictive Prosecution

Estrada also sought pretrial habeas corpus relief on grounds of prosecutorial vindictiveness. Unlike double-jeopardy claims, vindictive-prosecution claims are not among those claims listed by the Court of Criminal Appeals as cognizable in a pretrial habeas application. *Ex parte Weise*, 55 S.W.3d at 619–20. Accordingly, we must determine whether a vindictive-prosecution claim is cognizable in a petition

16

for pretrial habeas corpus. *See Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998) (holding that if district court denies habeas relief, applicant may appeal "regardless of the underlying claims for the relief sought").

A constitutional claim of prosecutorial vindictiveness may be established in either of two distinct ways: (1) proof of circumstances that pose a "realistic likelihood" of such misconduct sufficient to raise a "presumption of prosecutorial vindictiveness," which the State must rebut or face dismissal of the charges; or (2) proof of "actual vindictiveness"—that is, direct evidence that the prosecutor's charging decision is an unjustifiable penalty resulting solely from the defendant's exercise of a protected legal right. *Neal*, 150 S.W.3d at 173 (citations omitted). "Under the first prong, if the State pursues increased charges or an enhanced sentence after a defendant is convicted, exercises his legal right to appeal, and obtains a new trial, the Supreme Court has found a presumption of prosecutorial vindictiveness." *Id.* To establish the second prong, a defendant must prove, with objective evidence, that the prosecutor's charging decision was a "direct and unjustifiable penalty" that resulted "solely from the defendant's exercise of a protected legal right." *Id.* at 174 (citation omitted).

Here, Estrada's vindictive-prosecution claim alleges that after he filed an out-of-time appeal in January 2017 from his absconding charge in Harris County, which was granted by the Fourteenth Court of Appeals, Fort Bend County filed an

indictment on April 24, 2017, for failure to notify sex offender registration. He claims that the charge filed in Fort Bend County is "more serious in nature," but "[b]oth counties are using the same evidence, which is walking out of a rehab without permission, after being threatened for being a sex offender. However, we disagree because Estrada cannot satisfy either prong.

The first vindictive-prosecution prong is not satisfied because the Fort Bend County third-degree felony charge is lower in degree from the first-degree felony offense for which Estrada was convicted in Harris County, and he did not successfully obtain a new trial on his Harris County conviction because the Court of Criminal Appeals refused his petition for discretionary review. *See Neal*, 150 S.W.3d at 173; *Estrada*, PD-1330-18. Moreover, Estrada cannot satisfy the second prong because his habeas petition did not provide any evidence of prosecutorial vindictiveness from the Fort Bend County indictment, let alone "objective evidence, that the prosecutor's charging decision was a direct and unjustifiable penalty that resulted solely from the defendant's exercise of a protected legal right." *Neal*, 150 S.W.3d at 174 (internal quotation marks omitted).

We conclude that a vindictive-prosecution claim, by its very nature, is not among the claims for which pretrial habeas corpus relief lies. Its proper use requires a prior conviction that is reversed on appeal or vacated upon granting a new trial or the deprivation of a protected legal right whose resolution "may be aided by the

development of a record at trial." *Ex parte Ingram*, 533 S.W.3d at 892; *see also Neal*, 150 S.W.3d at 173. Accordingly, we hold that Estrada's vindictive prosecution claim is not cognizable in a pretrial habeas corpus proceeding. *See Ex parte Ellis*, 309 S.W.3d at 79 (stating that "[i]f a non-cognizable claim is resolved on the merits in a pretrial habeas appeal, then the pretrial writ has been misused, and the State can appropriately petition [the Court of Criminal Appeals] to correct such misuse.").

### 3. **Ineffective Assistance**

Similarly to the vindictive-prosecution claims, ineffective-assistance claims are also not among those claims listed by the Court of Criminal Appeals as cognizable in a pretrial habeas application; rather, they are reviewable upon direct appeal or a postconviction habeas application, which provide an adequate remedy at law. *See Ex parte Weise*, 55 S.W.3d at 619–20. Rather, the Court of Criminal Appeals has held that "generally, claims about ineffective assistance of counsel and involuntariness of a plea are cognizable on [post-conviction] habeas corpus." *Ex parte McCullough*, 966 S.W.2d at 532 n.1 (citing *Ex parte Welborn*, 785 S.W.2d 391 (Tex. Crim. App. 1990) (reversing postconviction habeas application based on ineffectiveness of counsel) and *Ex parte Wilson*, 716 S.W.2d 953 (Tex. Crim. App. 1986) (denying postconviction habeas application based on ineffectiveness of counsel)); *see also Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)

19

(noting that "[g]enerally the record on direct appeal will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard" because "[t]he reasonableness of counsel's choices often involves facts that do not appear in the appellate record," and that post-conviction "petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims.").

Here, because the ineffective-assistance claim was non-cognizable, the pretrial habeas proceeding was misused. *See Ex parte Ellis*, 309 S.W.3d at 79. Thus, we hold that Estrada's ineffective-assistance claim is not cognizable in a pretrial habeas corpus proceeding.

## 4. **Speedy Trial**

Finally, the Court of Criminal Appeals has expressly "held that an applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial" because this issue is better addressed by a post-conviction appeal. *Ex parte Weise*, 55 S.W.3d at 620. Thus, although the habeas court addressed Estrada's speedy-trial claim, we will not address it on the merits here, and we overrule it. *See id.* at 619; *see also Ex parte Ellis*, 309 S.W.3d at 79.

## Conclusion

Accordingly, we conclude that the habeas court did not abuse its discretion in denying Estrada's pretrial habeas application, and we affirm its order.

Laura Carter Higley
Justice

Panel consists of Justices Keyes, Higley, and Landau.

Publish.  TEX. R. APP. P. 47.2(b).