**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:  Ex parte Shawn Patrick Childers

Appellate case numbers:  01-21-00493-CR

Trial court case number:  19005

Trial court:  21st District Court of Washington County

Appellant, Shawn Patrick Childers, has filed a notice of appeal of the trial court's September 2, 2021 order denying his second pretrial application for writ of habeas corpus.

The record on appeal does not include a copy of the trial court's certification of appellant's right of appeal from the order denying his application for writ of habeas corpus. *See* TEX. R. APP. P. 25.2(a)(2) ("The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order other than an order appealable under Code of Criminal Procedure Chapter 64."); *see also Ex parte Estrada*, 573 S.W.3d 884, 890 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (acknowledging inclusion in supplemental clerk's record of certification of defendant's right to appeal denial of pretrial habeas application); *Ex parte Tarango*, 116 S.W.3d 201, 203 (Tex. App.—El Paso 2003, no pet.) (concluding that order denying habeas relief is appealable order within meaning of Rule 25.2(a)(2) and therefore subject to Rule 25.2(d) certification requirement). A certification that is not included as part of the record may be supplemented pursuant to an order of the appellate court under Rule 34.5(c)(2). TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 34.5(c)(2). "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made a part of the record under these rules." TEX. R. APP. P. 25.2(d).

Accordingly, the Court **directs** the trial court to execute a certification of appellant's right of appeal that complies with Rule 25.2 and that indicates whether appellant has the right to appeal from the trial court's September 2, 2021 order denying his second pretrial application for writ of habeas corpus.

The Court further **directs** the trial court clerk to file a supplemental clerk's record containing a certification of appellant's right of appeal and any other order, findings, or recommendations the trial court deems appropriate. The supplemental clerk's record shall be filed **no later than 30 days from the date of this order.** *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from the Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

It is so ORDERED.


Judge's signature:  /s/  April L. Farris
                     ☑ Acting individually     ☐ Acting for the Court


Date:  December 16, 2021