# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00008-CR

---

**Ex parte Joshua Hernandez**

---

**FROM THE 22ND DISTRICT COURT OF COMAL COUNTY**
**NO. CR2024-158D, THE HONORABLE DAVID C. HAGERMAN, JUDGE PRESIDING**

---

## CONCURRING OPINION

I agree that the district court did not abuse its discretion by denying Hernandez's pretrial habeas application. However, I disagree with the Court that a prosecutorial-vindictiveness claim is not cognizable on pretrial habeas. I would address the merits of that claim and conclude that the claim was without merit. Accordingly, I concur in the Court's judgment.

Pretrial habeas followed by an interlocutory appeal is an "extraordinary remedy" available "only in very limited circumstances." *Ex parte Aparicio*, 707 S.W.3d 189, 201 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, 145 S. Ct. 2852 (2025). Those circumstances include "situations in which the protection of the appellant's substantive rights or the conservation of judicial resources would be better served by interlocutory review," *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001), and alleged constitutional violations "where the rights underlying those claims would be effectively undermined if not vindicated prior to trial," *Ex parte Perry*, 483 S.W.3d 884, 896 (Tex. Crim. App. 2016). "These circumstances may include matters collateral to and distinct from the matters relevant to the guilt or innocence" of

the defendant "as determined through the course of trial." *Aparicio*, 707 S.W.3d at 201-02. Conversely, pretrial habeas is unavailable "when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release," *Weise*, 55 S.W.3d at 619, and "when the resolution of a claim may be aided by the development of a record at trial," *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010).

Although there is no controlling precedent on whether a claim of prosecutorial vindictiveness is cognizable on pretrial habeas, I find instructive a recent opinion by the Texas Court of Criminal Appeals holding that a claim of selective arrest and prosecution, i.e., a claim that a person was arrested and prosecuted for a crime because of a constitutionally forbidden reason such as race or gender, was cognizable on pretrial habeas. *Aparicio*, 707 S.W.3d at 202. In *Aparicio*, a male immigrant was detained as part of "Operation Lone Star," along with "two other adult males, a juvenile male, and two women." *Id.* at 194. Only Aparicio and the two other adult males were prosecuted for criminal trespass, and Aparicio filed an application for pretrial writ of habeas corpus, "alleg[ing] that his arrest (and forthcoming prosecution) for criminal trespass was unconstitutionally selective under both the federal and state constitutions, and sought dismissal." *Id.* at 194. The trial court considered the merits of the claim but denied relief. *Id.* at 197. Aparicio appealed. On appeal, the State argued that Aparicio's claim was not cognizable on pretrial habeas and that, even if it were, Aparicio failed to meet his burden in showing his arrest (and other arrested adult males) was motivated by impermissible gender discrimination. *Id.* at 197-98. The intermediate court of appeals concluded that the claim was cognizable on pretrial habeas and addressed the merits of the claim, finding that Aparicio had met his burden in demonstrating a prima facie case that "his gender was a motivating factor in his arrest" and remanded the case to the trial court for further proceedings. *Id.* at 198.

2

The court of criminal appeals granted the State's petition for discretionary review to consider whether the claim was cognizable and, if so, whether the claim had merit. *Id.* Although the court ultimately decided that Aparicio failed to satisfy his evidentiary burden, the court first determined that his claim was cognizable. The court concluded that "failing to adjudicate the issue now would effectively undermine Appellant's right not to be arrested and prosecuted in an unconstitutional fashion" and that, "[i]f successful on the merits, his case would be dismissed and barred from prosecution or conviction." *Id.* at 202. Moreover, "the record [was] already fully developed via a pretrial hearing," and "[t]he collateral nature of Appellant's claim also weighs in favor of cognizability." *Id.* The court explained:

> The facts necessary to resolve Appellant's claim are largely independent of the facts concerning the question of his guilt or innocence—especially since selective prosecution or selective enforcement are not defenses on the merits to the criminal charge. Moreover, these facts would not naturally arise during the course of a trial giving strength to the conclusion that the rights Appellant seeks to vindicate "would be effectively undermined if not vindicated prior to trial." Thus, a trial court in this situation can conduct a fact-finding proceeding (and develop a record) prior to trial without being inefficiently redundant to the trial itself.

*Id.* The court further concluded that declaring selective enforcement and prosecution claims non-cognizable would "blindfold" the judiciary in its pursuit of justice:

> Declaring either type of claim to be non-cognizable would jeopardize future claims alleging unconstitutional discriminatory practices by the State. Such a holding would willfully blindfold the judiciary from recognizing potentially grave and even widespread injustice. We stress again that this is especially true where the facts necessary to address these claims do not arise naturally through the course of trial. In those scenarios where some part of the State is actually unconstitutionally discriminatory in their conduct, justice would arrive far too late (if at all) to properly vindicate constitutional rights. Sunlight, especially for those scenarios, is the best disinfectant.

*Id.*

For similar reasons, I conclude that claims of prosecutorial vindictiveness are cognizable on pretrial habeas. A vindictive-prosecution claim is one in which the defendant asserts that criminal charges have been brought against him "in retaliation for the defendant's exercise of his legal rights." *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). Failing to adjudicate the issue of prosecutorial vindictiveness before trial would "effectively undermine" a defendant's right "not to be prosecuted in an unconstitutional fashion" for exercising his legal rights. *See Aparicio*, 707 S.W.3d at 202. Moreover, the court of criminal appeals has recognized dismissal of the charge prior to trial as a permissible remedy for a successful vindictiveness claim, albeit dismissal without prejudice. *See State v. Gabaldon*, --- S.W.3d ---, ---, No. PD-0149-23, 2025 WL 2588858, at *14 (Tex. Crim. App. Sept. 3, 2025) (concluding that dismissal with prejudice was "too drastic" a remedy for claim of prosecutorial vindictiveness and modifying dismissal to be without prejudice). Dismissal as a possible remedy also weighs in favor of cognizability.

Additionally, I disagree with our sister court that a claim of prosecutorial vindictiveness "may be aided by the development of a record at trial." *See Ex parte Estrada*, 573 S.W.3d 884, 895 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Claims of prosecutorial vindictiveness focus on the motivations of the prosecution in its decision, at the inception of the case, to charge the defendant. Thus, the record can be fully developed at a pretrial hearing,

4

during which the trial court's inquiry would focus exclusively on whether the State charged the defendant in retaliation for exercising his legal rights. As with a claim of selective prosecution, the facts necessary to resolve a vindictiveness claim "would be largely independent of the facts concerning the question of the defendant's guilt or innocence" and "would not naturally arise during the course of a trial." *See Aparicio*, 707 S.W.3d at 202.

Finally, just as declaring a selective-prosecution claim non-cognizable on pretrial habeas would "jeopardize future claims alleging unconstitutional discriminatory practices by the State," *id.*, declaring a vindictive-prosecution claim non-cognizable on pretrial habeas would jeopardize future claims alleging the "patently unconstitutional" practice of charging a person in retaliation for exercising their legal rights. A defendant should not have to wait until after trial to seek relief from a vindictive prosecution. Again, "punish[ing] a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher*, 434 U.S. at 363. In fact, "[t]he very initiation of the proceedings" against a defendant for exercising protected rights "operate[s] to deny him due process of law." *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974). In cases where such a fundamental due-process violation has occurred, delaying review until after trial would effectively undermine a defendant's due-process rights, waste judicial resources on a trial tainted by vindictiveness, and encourage the initiation of vindictive prosecutions in the future. For these reasons, I conclude that claims of prosecutorial vindictiveness are cognizable on pretrial habeas, and I would therefore consider the merits of such a claim.

"Both Texas and federal courts recognize that prosecutors have broad discretion in deciding which cases to prosecute." *Neal*, 150 S.W.3d at 173. "Courts must presume that a criminal prosecution is undertaken in good faith and in nondiscriminatory fashion to fulfill the

State's duty to bring violators to justice." *Id.* Nevertheless, "under specific, limited circumstances, the presumption that a prosecution is undertaken in good faith gives way to either a rebuttable presumption of prosecutorial vindictiveness or proof of actual vindictiveness." *Id.*

The rebuttable presumption of prosecutorial vindictiveness arises when the defendant provides "proof of circumstances that pose a 'realistic likelihood' of such misconduct sufficient to raise a 'presumption of prosecutorial vindictiveness,' which the State must rebut or face dismissal of the charges." *Id.* "[I]f the State pursues increased charges or an enhanced sentence after a defendant is convicted, exercises his legal right to appeal, and obtains a new trial, the Supreme Court has found a presumption of prosecutorial vindictiveness." *Id.* "In the very few situations in which this presumption does apply, it can be overcome by objective evidence in the record justifying the prosecutor's action." *Id.* at 173-74. "The defendant must prove that he was convicted, he appealed and obtained a new trial, and that the State thereafter filed a greater charge or additional enhancements." *Id.* at 174. "The burden then shifts to the prosecution to come forward with an explanation for the charging increase that is unrelated to the defendant's exercise of his legal right to appeal." *Id.* "The trial court decides the issue based upon all of the evidence, pro and con, and the credibility of the prosecutor's explanation." *Id.*

"[W]hen the presumption does not apply, the defendant may still obtain relief if he can show actual vindictiveness." *Id.* "To establish that claim, a defendant must prove, with objective evidence, that the prosecutor's charging decision was a 'direct and unjustifiable penalty' that resulted 'solely from the defendant's exercise of a protected legal right.'" *Id.* (quoting *United States v. Goodwin*, 457 U.S. 368, 384 & n.19 (1982)). "[T]he defendant shoulders the burden of both production and persuasion, unaided by any legal presumption." *Id.*

6

"Once again, the trial judge decides the ultimate factual issue based upon the evidence and credibility determinations." *Id.* at 174-75.

In this case, Hernandez has failed to make a showing of either presumed or actual vindictiveness. No presumption of vindictiveness arises here because the State is not pursuing increased charges or an enhanced sentence following Hernandez's successful appeal of a conviction or the exercise of any other legal rights. Instead, the State is prosecuting Hernandez for an indecency offense with a lesser penalty following Hernandez's acquittal on a more serious charge of continuous sexual abuse of a child. When a defendant is acquitted of one offense, prosecuting him for committing a different offense with a lesser penalty does not give rise to a presumption of vindictiveness, even when the offenses are related. *See United States v. Kendrick*, 682 F.3d 974, 982-83 (11th Cir. 2012); *United States v. Esposito*, 968 F.2d 300, 301-07 (3rd Cir. 1992). As for actual vindictiveness, Hernandez has failed to present any objective evidence, such as statements made by the prosecutors, demonstrating that the charging decision was a 'direct and unjustifiable penalty' that resulted 'solely from the defendant's exercise of a protected legal right.'" *See Goodwin*, 457 U.S. 368, 384 & n.19; *Neal,* 150 S.W.3d at 173 & n.11. Absent such evidence, there is no basis in the record to conclude that the State engaged in actual vindictiveness against Hernandez, and the district court would not have abused its discretion in denying habeas relief on the merits of Hernandez's vindictive-prosecution claim.

For these reasons, I concur in the Court's judgment.

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Theofanis

Concurring Opinion

Filed:   January 9, 2026

Publish